GEORGIA CEDAR CORPORATION, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Georgia Cedar Corp. v. Commissioner
Docket No. 6791-86.
United States Tax Court
T.C. Memo 1988-213; 1988 Tax Ct. Memo LEXIS 241; 55 T.C.M. (CCH) 853; T.C.M. (RIA) 88213; May 12, 1988. David J. Duez and Jeanne S. Boxer, for the petitioner. Teri A. Frank, for the respondent. FAY
MEMORANDUM OF FINDINGS OF FACT AND OPINION FAY, Judge: Respondent determined deficiencies in petitioner's Federal income tax as follows: Year
Deficiency
1981
$  5,784
1982
10,161
1983
9,029
*242 The sole issue is whether petitioner is entitled to certain interest deductions. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. The stipulations and stipulated exhibits are incorporated herein by this reference. At the time the petition in this case was filed, petitioner's principal office was in Chicago, Illinois. Cedarhold, Ltd. ("parent"), a foreign corporation created under the laws of the Cayman Islands, owned all the outstanding stock of petitioner and Georgia Cypress Corporation ("Cypress"). Petitioner and Cypress, both Delaware corporations authorized to operate in Georgia, owned farm properties in Georgia operated by the Northern Trust Company. Prior to January 2, 1980, petitioner had revenues with no debt and Cypress had revenues insufficient to service its debt. On January 2, 1980, parent transferred to Cypress a $ 268,000 demand note made by parent payable to Cypress bearing 8-percent interest from date until paid ("Demand Note"). On the same date, petitioner acquired the Demand Note from Cypress for a $ 268,000 promissory note made by petitioner payable to Cypress requiring 20 annual payments of $ 13,400 plus 8-percent *243 interest ("Promissory Note"). [1] The Promissory Note was secured by petitioner's farm having a fair market value at all relevant times of at least $ 600,000. [2]
On December 31, 1980, petitioner transferred the Demand Note to parent. Petitioner, Cypress, and parent have consistently treated the Demand Note as being the subject of a capital contribution by parent to Cypress, a sale by Cypress to petitioner in consideration of the Promissory Note, and a dividend distribution by petitioner to parent. Petitioner timely made all principal and interest payments with respect to the Promissory Note. Petitioner and Cypress have treated such interest payments for Federal tax purposes ad deduction and income, respectively. Petitioner paid Federal withholding tax on the distribution of the Demand Note to parent for the 1980 taxable year. On December 19, 1985, respondent issued to petitioner two notices of *244 deficiency. In the first notice of deficiency, respondent disallowed petitioner's claimed interest deductions with respect to the Promissory Note and determined the above-stated deficiencies. In the second notice of deficiency, respondent recharacterized payments made by petitioner to Cypress as dividends paid to a foreign corporation subject to withholding pursuant to section 1442 [3] and determined withholding tax deficiencies for 1981, 1982, and 1983. [4] The petition filed in this matter placed at issue the determination of the first notice of deficiency, but did not place at issue the determinations of the second notice of deficiency. OPINION Petitioner frames two issues for the Court's resolution: (1) whether interest payments made by petitioner to Cypress are deductible and (2) whether interest and principal payments made by petitioner *245 to Cypress are dividend distributions by petitioner to parent giving rise to a withholding tax deficiency. Respondent argues that since the petition addressed only the first notice, the second notice of deficiency and the determinations contained therein relating to the withholding tax deficiency are not before the Court. We agree with respondent. See , and . The only issue is whether petitioner may deduct as interest a portion of the payments it made to Cypress. Cypress and petitioner were commonly controlled by parent. Cypress had insufficient cash flow; petitioner had excess cash flow. It was desired that petitioner's excess cash flow be transferred to Cypress to relieve Cypress' cash flow problems. The method chosen to transfer the cash flow was a capital contribution of the Demand Note by parent to Cypress followed by a sale of such Demand Note by Cypress to petitioner in consideration of the Promissory Note. Though not required to effectuate the cash flow transfer, petitioner subsequently made a dividend distribution of the Demand Note to *246 parent. Respondent argues that the economic substance doctrine and the step transaction doctrine should be applied to disallow petitioner's claimed interest deduction. We agree with respondent that the form of the transactions does not reflect the true economic substance of the transactions. Cypress and petitioner engaged in no negotiations with respect to the sale of the Demand Note. Cypress and petitioner were represented by the same counsel. The Demand Note, ostensibly the impetus for petitioner's transfer of the Promissory Note to Cypress, vanished into the thin air from which it appeared, suggesting that no legal rights and obligations were intended to be created thereby. See . We further agree with respondent that the step transaction doctrine is here applicable because petitioner has failed to prove that the purchase of the Demand Note by petitioner from Cypress and the distribution of the Demand Note by petitioner to parent were not parts of the preconceived plan put into effect when parent made a capital contribution of the Demand Note to Cypress. See . *247 Looking through the various pieces of paper transferred by the corporations, we conclude that there was no indebtedness, [5] there was no payment for the use of money, [6] there was only the transfer of money by petitioner to Cypress to satisfy the business purpose of alleviating Cypress' cash flow problems. The circuitous route engineered by the corporations did not further this business purpose; it served only the tax purpose of garnering for petitioner an interest deduction. The Court disregards this circuitous route and holds that the transactions, effectively cash transfers by petitioner to Cypress, do not give rise to an interest deduction for petitioner. [7]
To reflect the foregoing, Decision will be entered for the respondent. *248 Footnotes
1. With respect to the transfer of the Demand Note, petitioner and Cypress engaged in no negotiations and were represented by the same law firm. ↩
2. The indenture securing the Promissory Note was not filed with the County in which the farm was located until November 18, 1980. ↩
3. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect during the taxable years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. ↩
4. Respondent also determined additions to tax pursuant to section 6651(a)(1) and section 6651(a)(2). ↩
5. See , affg. . ↩
6. See . ↩
7. As stated earlier we are here concerned only with the deductibility of interest payments made by petitioner to Cypress. We accordingly express no opinion with respect to petitioner's tax withholding obligations. ↩